## ISAAC A. ALLEN v. EPHRAIM LINK.

PRACTICE AND PLEADINGS. *Additional count. Statute of limitations.* In an action of *assumpsit,* in which a single count has been filed upon a stated account for goods absolutely sold and delivered, and at a subsequent term of the court, upon leave granted, an additional count is filed, by which it is sought to recover of the defendant damages for the failure to invest property and money in cotton, and sell the cotton and account to the plaintiff: *Held,* such second count is for a different cause of action to the first, and is not saved from the statute of limitations by relation to the first count.

### FROM GREENE.

Appeal in error from the Circuit Court of Greene county. J. A. McKINNEY, J.

R. M. McKEE for Allen.

E. C. REEVES for Link.

TURNEY, J., delivered the opinion of the court.

On the 27th of October, 1866, defendant in error commenced his action of assumpsit against Allen in the circuit court of Greene county. The declaration was filed the 14th of October, 1867, and is for property sold and delivered, as per account stated, to the value of $1,030.

At the February term, 1873, leave was obtained to file an additional count, which was done at that term. The substance of the additional count is, that the plaintiff had sold and delivered to the defendant

property, of the same description as that in the first count, for the price of $3,917 in Confederate money, and $1,383 in the currency of the late Confederate States of America, making a total of $5,300 "invested by the defendant," etc., "for and on account of the plaintiff." It is further averred: "For a reasonable reward to the said defendant in that behalf, he undertook and promised the plaintiff to endeavor to dispose of and invest said Confederate money for the plaintiff in cotton in the State of South Carolina, and render a true and just account of the sale and investment thereof to the plaintiff. In consideration of the promises, etc., the plaintiff delivered the goods and chattels and Confederate money to defendant. That the defendant did invest the price of said stock and said Confederate money for and on account of the plaintiff, purchasing therewith a large amount of cotton, to-wit, etc. That the defendant appropriated said cotton to his own use, and mixed and commingled said cotton with his own and that of divers other persons," etc.

To this count were pleaded the statutes of limitations of three and six years, to which the circuit court sustained demurrer. In this there was error.

The causes of action made by the two counts are entirely different and distinct. The first is for the price of property absolutely sold and delivered at stated prices. The second is for a failure to discharge the duties of an agent or trustee, upon a contract for a fee or reward, to invest property and money in cotton, to resell the cotton and account for the proceeds.

The case falls within the principle of *Crofford* v. *Cothran & Neil*, 2 Sneed, 49; *Flatly, adm'r,* v. *M. & C. R. Co.,* 9 Heis., 235; *Miller* v. *Taylor,* 6 Heis., 481. Reverse the judgment and remand the cause.

McFARLAND, J., incompetent.